(No. 3153— )

JERRY DiMARIA, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 9, 1941.*

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

FISHER, J.

On June 20th, 1936, claimant, an employee of the State of Illinois in the capacity of Janitor, Old Age Assistance Division, Department of Public Welfare, in the course of his duties strained the abdominal muscles of his right side in attempting to lift a five gallon bottle of water over a partition. Claimant went to the office of Dr. J. C. Walters for examination and treatment and incurred medical expenditures in the sum of $3.00 on account of said injury. Claimant has not paid Dr. Walters nor has the claimant or Dr. Walters been paid the said $3.00 by the State.

At the time of the injury claimant was married, but had no child or children. Claimant's salary was $100.00 per month and he was paid his regular salary from June 20th, 1936, to June 27th, 1936, during which time he was incapacitated on account of said injury.

State of Illinois received due notice of the injury, but claimant's claim was not filed with this Court until November 26th, 1937.

If we were to hold that the claimant was an employee under the Workmen's Compensation Act, he would be barred from having his claim considered for the reason that more than one year elapsed from the date of his injury until the date of the filing of his claim and he also received full compensation for the week he was incapacitated.

In a previous opinion, in considering a claim filed by the same claimant, while employed in the same capacity, we held that he was not employed within the provisions of Section 3 of the Workmen's Compensation Act of Illinois, and for the reasons stated therein we must also deny this claim.

Award is hereby denied and the claim is dismissed.